**Jian Hua ZHU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2350–AG.**

United States Court of Appeals,
Second Circuit.

Dec. 7, 2005.

Bing Li, Bayside, New York, for Petitioner.

Dunn Lampton, United States Attorney, Southern District of Mississippi, Linda R. Anderson, Assistant United States Attorney, Jackson, MS, for Respondent.

PRESENT: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jian Hua Zhu, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") opinion denying his application for asylum, withholding of removal and relief under the Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Although judicial review is ordinarily confined to the opinion of the BIA, we review the IJ's decision where, as here, the BIA summarily adopted or affirmed the decision without opinion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir. 2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In his oral decision, the IJ found Zhu's testimony to be generally credible. However, the IJ also found that Zhu had made some incredible assertions, particularly that there was "no credible or plausible reason for [Zhu] to have fled from the demonstration that he says he participated in on December 14 and abandon his family to go into hiding in Shanghai." This finding is not substantially supported by the evidence in the record. The IJ explained that it was incredible that Zhu had any reason to think that he was in danger after the protest because it did not "appear that [he] would have had any knowledge that the individuals arrested, even if true, would be sent to labor camps as a consequence of being arrested for participating in this demonstration." In fact, Zhu testified that he had firsthand knowledge of arrests of villagers and representatives at the time of his last protest. Although Zhu may have only learned of detentions and labor camps when he arrived in Shanghai, the evidence precludes the IJ' finding that Zhu had "no credible or plausible reason ... to have fled from the demonstration." A reasonable adjudicator would be compelled to find that police beatings and targeted arrests constitute a plausible reason to go into hiding. *See* 8 U.S.C. § 1252(b)(4)(B).

Next, the IJ found that it was incredible and implausible that the police still searched for Zhu years after he left China, given the "relatively minor incident" in which he was involved. The IJ explained that Zhu's "only connection [to the protests] is that he was one of the original leaders who was selected to speak to government officials and, it does not appear that he violated any law where the police would have any basis to continue to look for him at this time." However, the IJ does not point to any evidence in the record to support this conclusion, which is purely speculative. *See Secaida–Rosales v. INS*, at 307. Furthermore, the IJ contradicts his finding that Zhu did not break the law, noting that Zhu's demonstrations against the government were "determined [by the government] to be not lawful."

The IJ also found that Zhu did not possess either a subjective or an objective well-founded fear of persecution. Referencing his credibility findings, the IJ reiterated that Zhu had not shown that he had a believable reason for fleeing his village for Shanghai, nor had he substantiated his claim that the police continued to search for him in China. However because these factual determinations were not supported by substantial evidence, they are not an appropriate basis on which to discount Zhu's claim of a well-founded fear. Additionally, the State Department Profile offers some corroboration for Zhu's claim of a well-founded fear by establishing that in China, "[p]ersons critical of official corruption or malfeasance also frequently [are] threatened, detained, or imprisoned." This evidence supports Zhu's well-founded fear argument because he stated that he began protesting the government partly (1) because he could not afford to pay the civil court a bribe in order to convince them to hear his case and (2) because the Village Committee sold his land "to fill their own pockets." These reasons constitute criticism of both corruption and malfeasance. The IJ erred in not considering these factors in making his well-founded fear determination.

Next, the IJ found that Zhu had failed to establish that his mistreatment was on account of a protected ground. The IJ reasoned that "of the 100 villagers who lost land and, presumably, participated in the various protests afterward ... [none shared] a political opinion other than dissatisfaction with the commercial transactions related to their property." However, this Court has held that when organized opposition to a government's economic policies poses a political threat such that the government persecutes or threatens to persecute those protesting, that persecution is on account of political opinion. *Osorio v. INS*, 18 F.3d 1017, 1030–31 (2d Cir.1994); *Yueqing Zhang v. Gonzales*, No. 02–4533, 2005 WL 2562630 at *5 (2d Cir. October 13, 2005). Here, Zhu's motivation for opposing the government was certainly based in part on his own financial well-being. However, Zhu stated that he was elected to represent others in his village, which extended his criticism of the government beyond his own interests. Additionally, he organized protests against government malfeasance and corruption, which politicized his actions. Moreover, the Chinese government detained Zhu and beat or arrested other protestors only after his political activities began.

Finally, the IJ found that Zhu had failed to establish any factual basis for a grant of protection under the CAT. However, based upon the identified errors of fact and law in this case, this determination may itself be based on erroneous findings.

For the foregoing reasons, we VACATE the BIA's order and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).